


TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FILIA SHIPPING S.A.,                                 :

        Plaintiff,                                      :          07 CV _____
                                                                                      ECF CASE
   - against -                                             :

SINORICHES GLOBAL LIMITED,                  :
SEA FORTUNE CO. LTD. and OCEANLINK
NAVIGATION CO. LTD.,                              :

        Defendants.                                  :
----------------------------------------------------------X

## VERIFIED COMPLAINT

The Plaintiff, FILIA SHIPPING S.A. (hereinafter "Plaintiff"), by its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendants, SINORICHES GLOBAL LIMITED (hereinafter "Sinoriches"), SEA FORTUNE CO. LTD. (hereinafter "Sea Fortune") and OCEANLINK NAVIGATION CO. LTD. (hereinafter "Oceanlink")(collectively referred to as "Defendants") alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2.     At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of Panama.

3. Upon information and belief, at all material times, Defendant Sinoriches was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in China.

4. Upon information and belief, at all material times, Defendant Sea Fortune was and still is an entity duly organized and existing by virtue of foreign law.

5. Upon information and belief, at all material times, Defendant Oceanlink was and still is an entity duly organized and existing by virtue of foreign law.

6. By a charter party dated July 13, 2006, Plaintiff chartered the motor vessel "FILIA" (hereinafter the "Vessel") to the Defendant Sinoriches.

7. Certain disputes arose between the parties regarding Defendant Sinoriches failure to comply with the charter party regarding issuance of bills of lading.

8. Specifically, Defendant Sinorches issued, or permitted its agent to issue, bills of lading not in strict conformity with mate's receipts properly describing the condition of cargo carried on the vessel's deck.

9. As a result of Sinorich's breach of the charter party contract, Plaintiff has suffered losses in the total principal sum of $109,556.19 as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

10. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

11. As a result, Plaintiff is currently preparing to commence arbitration on its claims.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings conducted pursuant to English Law. As best as can now be

estimated, Plaintiff expects to recover the following amounts:

|   |   |   |   |
|---|---|---|---|
| A. | Principal claim: | | $109,556.19; |
| | i. | Time lost during vessel arrest - $43,956.19; and | |
| | ii. | Security provided to cargo interests required due to Sinorich's improper issuance of bills of lading - $65,600. | |
| B. | Estimated interest on the principal claim at 8.0% for three years: | | $ 29,387.55; |
| C. | Attorneys' fees and other recoverable costs: | | $30,000.00. |
| Total: | | | **$168,943.74.** |

13.     Upon information and belief, Defendants Sea Fortune and Oceanlink are shell-corporations through which Defendant Sinoriches conducts its business.

14.     Upon information and belief, Defendants Sea Fortune and Oceanlink have no separate, independent identity from Defendant Sinoriches.

15.     Furthermore, Defendants Sea Fortune and Oceanlink are the alter egos of Defendant Sinoriches because Sinoriches dominates and disregards Sea Fortune's and Oceanlink's corporate forms to the extent that Sinoriches is actually carrying on the business and operations of Sea Fortune and Oceanlink as if the same were its own.

16.     Upon information and belief, Defendants Sea Fortune and Oceanlink act as paying agent, or receiving agent, or arrange for other non-parties to satisfy the debts and obligations of Defendant Sinoriches, and/or receive payments being made to Defendant Sinoriches.

17.     Upon information and belief, Defendant Sinoriches uses Defendants Sea Fortune and Oceanlink as a "pass through" entity such that it can insulate itself from creditors relating to

its commercial obligations.

18. Although Sea Fortune and Oceanlink were not named in the charter party, and had no formal relationship to the charter of the Vessel they each have paid one, or several, instalments of the freight owing to Plaintiff from Sinoriches.

19. It is not common practice in the maritime industry for an allegedly independent company to pay another company's debt, where it has no formal relationship to the underlying charter party.

20. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Bank of China, and/or The Bank of Tokyo-Mitsubishi UFJ, Ltd., which are believed to be due and owing to the Defendants.

21. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Bank of China and/or The Bank of Tokyo-Mitsubishi UFJ, Ltd., which are due and owing to the Defendants, in the amount of **$168,943.74** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: April 16, 2007
      New York, New York

                                              The Plaintiff,
                                              FILIA SHIPPING S.A.,

By: _____
                                              Nancy R. Peterson (NP 2871)
                                              Kevin J. Lennon (KL 5072)

                                              TISDALE & LENNON, LLC
                                              11 West 42nd Street, Suite 900
                                              New York, NY 10036
                                              (212) 354-0025 (Phone)
                                              (212) 869-0067 (Fax)
                                              klennon@tisdale-lennon.com

## ATTORNEY VERIFICATION

State of New York      )
                       )    ss: City of New York
County of New York  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: April 16, 2007
New York, New York

_____
Nancy R. Peterson